— Egan Jr., J.
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 30, 2010, which resentenced defendant following his conviction of the crime of attempted criminal sale of a controlled substance in the third degree.
In full satisfaction of a two-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and was sentenced, as a second felony offender, to five years in prison followed by three years of postrelease supervision. Defendant, believing that he had not received the appropriate amount of jail time credit (alleged to be 341 days), sought relief from County Court and, in September 2010, County Court resentenced defendant to 4V2 years in prison followed by three years of postrelease supervision. Defendant now appeals, contending that he still has not received the appropriate amount of jail time credit.
According to defendant, the manner in which the asserted jail time credit ultimately was allocated between the sentence at issue and a preexisting period of incarceration violated the terms of the underlying plea agreement, thereby depriving him of the benefit of his plea bargain. The record before us, however, does not contain a copy of the subject plea agreement, nor does it reflect whether defendant moved to withdraw his plea or vacate the judgment of conviction upon the ground now asserted. Additionally, the limited — and largely unexplained — materials documenting defendant’s incarceration are silent with respect to, among other things, whether defendant has in fact now served his full sentence. Under these circumstances, intelligent appellate review of defendant’s claim is precluded, and this matter is remitted for further proceedings.
Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, resentence vacated, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court’s decision.